Curia, per

O’Neall, J.
In the case of Martin vs. William Walton & Co. 1 McC. 16, the rule was laid down by the constitutional court, that notice of the dissolution of a co-partnership by advertisement in a newspaper “ shall be conclusive on those who had no dealings with the co-partnership, but as to such as have had dealings it shall not be so considered, unless under circumstances it appears *371 satisfactorily to the jury, that it operates as a notice to the party.” The rule, as stated, permits presumptive notice to stand in place of actual, to the customers of a firm. Before we can presume a fact to be true, there must be such proof as will create a reasonable belief of it. The publication of a notice of dissolution,'in a newspaper, cannot create that belief. For it may well be that the party to be affected by the notice, may never have seen the paper, and hence, standing by itself, an advertisement of dissolution has always been held to be insufficient evidence of notice to those who have had dealings with the firm. The evidence in this case, if it was even sufficient to prove the fact of the publication of a notice that the firm of Rowe & White was dissolved, and that White was alone authorized to collect the debts due to it, which may be very well doubted, is wholly insufficient to create any belief that Murphy knew of it. The fact that he paid the $40 to Rowe, on account of a debt due to the partnership, furnishes a presumption fully as strong, that he had no notice, as the publication of notice in a newspaper, in the city where they both resided, does that he had. It follows that the receipt for $40 ought to have been deducted, by the jury, from the plaintiff’s account. The motion for a new trial is granted, unless the plaintiff shall enter a remittitur for $40 on his judgment.
Johnson, J. concurred.